STRAUSS et al. v. KEYES.

(Supreme Court, Appellate Term. June 25, 1909.)

BAILMENT (§ 18*)—MACHINIST'S LIEN ON PRESS.

 Lien Law (Laws 1897, p. 532, c. 418) § 70, provides that a person who makes, alters, repairs, or in any way enhances the value of an article of personal property, at the request or with the consent of the. owner, has a lien thereon, while lawfully in possession thereof, for his reasonable charges for work done and materials furnished, and may retain possession till such charges are paid. *Held*, in view of such section, that a machinist, sued for possession of a press, was bound, in order to maintain his lien, to prove that he altered, repaired, or enhanced its value at the owner's request or with his consent, and cannot sustain a refusal to deliver on a demand for payment of more than reasonable charges.

 [Ed. Note.—For other cases, see Bailment, Cent. Dig. § 78; Dec. Dig. § 18.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Replevin by Gustavus E. Strauss and another, doing business as the Sartus Ball-Bearing Company, against James A. Keyes. From a judgment for defendant, plaintiffs appeal. Reversed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEA-BURY, JJ.

James S. McDonogh, for appellants.
Duncan & Duncan, for respondent.

MacLEAN, J.   Various transactions occurred between the parties. The plaintiffs, manufacturers of ball bearings, sent the defendant, a machinist, a die to be repaired, then employed him to make with the die a quantity of ball-bearing retainers, and therefor sent a press belonging to them to his shop.   Later they ordered some "models," then a new die, and, lastly, the pressing out of a quantity of retainers with the new die and on their press.   Some of these goods were paid for.   Dispute arose, however, about payment of a balance of ac-count, made up principally of charges for the new die.   After the press work on the last order was finished, the plaintiffs, having use for the press, sought to take it back.   The defendant refused to de-liver it, and asserted an artisan's lien thereon, which lien he re-asserts in this action for replevin of the press (describing it) "with-out punch or die."

To maintain his lien the defendant was bound to prove he had al-tered, repaired, or enhanced the value of the press at the request or with the consent of the owner (section 70 of the lien law [Laws 1897, p. 532, c. 418]), and also abstain from basing his refusal to deliver upon a demand for payment of more than his reasonable charges for the work done on the press.   Without spending overtime on the talk about a die "being an integral member in a close communion of parts constituting one integral machine"—the machine not unfamiliarly out-side of this case as a punch press—it must be said that alteration, re-pair, or valuable enhancement of the press, if any, without or with the owner's consent, proven herein, is small, so small that payment therefor by the sum for which the lien is asserted or the lessened sum awarded in the judgment would be excessive, exorbitant.

Judgment reversed, and new trial ordered, with costs to appellants to abide the event.   All concur.